IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAUNA MARTINEZ, as parent
and next friend of Sean Martinez,
a minor child,

    Plaintiff,                                    No. CIV 00-6 MV/WWD

vs.

VINCE CRESPIN, in his official capacity
as an employee of the Santa Fe County
Sheriff's Dept.; SANTA FE COUNTY
SHERIFF'S DEPT.; OFFICER JOHN
DOE, in his official capacity as an
employee of the New Mexico State Police;
and THE NEW MEXICO STATE
POLICE,

    Defendants.

## MEMORANDUM ORDER AND OPINION

**THIS MATTER COMES** before the Court on Plaintiff's motion to remand this case to state court pursuant to 28 U.S.C. §§ 1441, 1447 on the grounds that this action is barred by the Defendants' Eleventh Amendment immunity to suit in federal court, filed March 1, 2000 **[Doc. No. 8]**. The Court having considered the motion, the briefs, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED.**

### FACTUAL BACKGROUND

This matter was filed by Plaintiff in the First Judicial District Court in the State of New Mexico on December 2, 1999, alleging violation of the laws of the State of New Mexico and the United States Constitution. Defendants Vince Crispin and Santa Fe County Sheriff's Department

1

removed this action to federal court on January 3, 2000.  Although the New Mexico State Police did not join in the removal petition, they indicated in a letter dated February 14, 2000 that "Defendant New Mexico State Police CONSENTS to your client's removal of this case to Federal Court."  *Defendants' Response to Motion to Remand, Exhibit A* (emphasis in original). On February 14, 2000, the true identity of Officer John Doe was revealed to be Officer Wayne Shelton of the New Mexico State Police.  He has not yet been named in the lawsuit in his proper identity, nor has he been served with the complaint against him.

## LEGAL STANDARD OF REVIEW

The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or Subjects of any Foreign State.

The Eleventh Amendment has been interpreted as imposing a jurisdictional bar against individuals bringing suit against a state or its agencies in federal court.  *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990).  The Eleventh Amendment ensures that a state may raise an affirmative defense of sovereign immunity against any suit brought against it in federal court by its own citizens or by citizens of another state.  *See Wisconsin v. Schacht*, 524 U.S. 381 (1998). However, sovereign immunity under the Eleventh Amendment is not absolute.  A state may consent to be sued in federal court and Congress may abrogate Eleventh Amendment protections. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. at 304.  The test for determining whether a state has waived the protection of the Eleventh Amendment against suit in federal court is a stringent one.  *Id.*  A federal court should find waiver of Eleventh Amendment immunity only when the waiver is stated "by the most express language or by such overwhelming implication

from the text as [to] leave no room for any other reasonable construction.  *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234 (1985).  When a suit seeking monetary relief is brought against state officials in their official capacity, the real part in interest in the case is the state.  *See Kentucky v. Graham,* 473U.S. 159 (1985); *Griess v. State of Colo.*, 841 F.2d 1042, 1045 (10th Cir. 1998).  Thus, when the state waives its Eleventh Amendment immunity it consents to suit against itself, related entities and employees.  *See Bishop v. John Doe*, 902 F.2d 809, 810 (10th Cir. 1990) (*citing Alabama v. Pugh*, 438 U.S. 781 (1978)).

**DISCUSSION**

The parties and the Court agree that the New Mexico State Police has waived its defense of Eleventh Amendment immunity by consenting to suit in federal court.  As noted above, a state's waiver of Eleventh Amendment immunity must be express and is subject to stringent review.  In this case, the New Mexico State Police through its counsel has expressly noted that it "CONSENTS to...[the]... removal of this case to Federal Court."  Plaintiff argues only that Defendant John Doe a/k/a Officer Wayne Shelton has not waived his Eleventh Amendment immunity and has not consented to suit in federal court.  Without citing any supporting case law, Plaintiff contends that Defendant John Doe a/k/a Officer Wayne Shelton may have rights and liabilities separate from those of the New Mexico State Police, and consequently, the New Mexico State Police cannot consent to the removal of this case of federal court on behalf of Defendant John Doe a/k/a Officer Wayne Shelton.  Plaintiff asks for the case to be remanded to state court so that an amended complaint can be filed naming Officer Wayne Shelton as the proper party and service of process can be made.  The Court is not persuaded by this argument.  Plaintiff seeks monetary relief against Defendant John Doe a/k/a Officer Wayne Shelton for actions

3

performed in his official capacity as an employee of the New Mexico State Police. As such, the real party in interest in this case is his employer, the State of New Mexico, from whose treasury any damages award would be derived. *See Kentucky v. Graham,* 473 U.S. 159 (1985); *Griess v. State of Colo.*, 841 F.2d 1042, 1045 (10th Cir. 1998). By expressly consenting to suit in federal court, the State of New Mexico has waived the Eleventh Amendment immunity applicable to its agency the New Mexico State Police and its employee, Defendant John Doe a/k/a Officer Wayne Shelton. *See Bishop v. John Doe*, 902 F.2d 809, 810 (10th Cir. 1990) (*citing Alabama v. Pugh*, 438 U.S. 781 (1978)). No separate consent is required for Defendant John Doe a/k/a/ Officer Wayne Shelton as the real party in interest in this case is the State of New Mexico. With regard to Plaintiff's concern that Officer John Doe has not been properly identified or served, this problem can be remedied by filing a motion to substitute parties.

**WHEREFORE,**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand, filed March 1, 2000 **[Doc. No. 8]** is hereby **DENIED**.

**DATED** this 1st day of June, 2000.

_____
**MARTHA VÁZQUEZ**
**U. S. DISTRICT COURT JUDGE**

Attorneys for Plaintiff
Thomas Clark
Sherri Raphaelson

Attorneys for Defendants
Santa Fe Sheriff's Department: Randy Bartell, Laura Ward
New Mexico State Police: Robert Lohbeck